UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALONZO PHILLIPS,<br><br>    Plaintiff,<br><br>  v.<br><br>CORRECTIONS CORPORATION OF<br>  AMERICA,<br>FRED FIGUEROA, and<br>JOHN DOES, Unnamed Individual Members of<br>the Correctional Treatment Facility's Medical<br>and Administrative Staff<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 04-0858, RJL
Judge Richard J. Leon

| | |
|---|---|
| ALONZO PHILLIPS,<br><br>    Plaintiff,<br><br>  v.<br><br>DISTRICT OF COLUMBIA,<br>ODIE WASHINGTON, and<br>JOHN DOES, Unnamed Individual Members of<br>the DC Jail's Medical and Administrative Staff,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S MOTION TO REMAND

   Plaintiff, by and through counsel, hereby moves for remand of this action to the

Superior Court because the removal is untimely under 28 U.S.C. § 1446(b) and the parties have

waived their right of removal by actively litigating this action in the Superior Court for over two

years.

Pursuant to 28 U.S.C. § 1446(b), a defendant must file a removal notice within thirty days of receipt of a pleading indicating that an action is removable.  Plaintiff filed Amended Complaints in the previously separate Superior Court actions on May 7, 2003 (against CCA) and on October 24, 2003 (against the District) which asserted federal constitutional claims and rendered the actions removable to federal court.  Yet, the District and CCA chose not to remove and instead litigated the claims in Superior Court.  Thus, the present removal is untimely.

The only apparent basis for asserting that the Joint Notice of Removal is timely is that the addition of two new defendants in plaintiff's Second Amended Complaint somehow revived the District's and CCA's expired rights to remove.   Although the question has not been resolved in the D.C. Circuit, the better-reasoned "first-served" rule holds that the District and CCA may not now consent to removal and this action may no longer be removed.  *See, e.g,* *Young v. Contract Transp. Sys. Co.*, 1987 WL 8525 (D.D.C. 1987) (unpublished); *Brown v. Demco,* 792 F.2d 478, 481 (5th Cir. 1986); *Smith v. Health Ctr. of Lake City, Inc.*, 252 F. Supp. 2d 1336 (M.D. Fla. 2003).  Remand of this action to the Superior Court is particularly appropriate here because the District and CCA actively litigated this claim in the Superior Court, seeking resolution on the merits via a motion for summary judgment (filed by the District) and a motion to dismiss (filed by CCA).  Having tested the waters in Superior Court and found them not to their liking, the District and CCA should not be permitted to switch forums at a strategic juncture and to further delay these proceedings.  *See Link Telecomm v. Sapperstein*, 119 F. Supp.

2d 536, 541 (D. Md. 2000); *Estate of Shelly Krasnow v. Texaco, Inc.*, 773 F. Supp. 806, 809

(E.D. Va. 1991); *Rosenthal v. Coates*, 148 U.S. 142, 147 (1893).[1]

## PROCEDURAL BACKGROUND

Plaintiff, acting *pro se*, brought separate actions against the District of Columbia

("the District") and the Corrections Corporation of America ("CCA") in Superior Court in March

2002 alleging the deprivation of medical care while he was in the custody of the District's

Central Detention Facility ("DC Jail") and CCA's Central Treatment Facility ("CTF").

**Plaintiff's Suit Against the District**

In his action against the District, Civil Action No 02-2574, assigned to Judge

Duncan-Peters, plaintiff alleged that during his incarceration at the DC Jail from June 1, 2001 to

November 14, 2001, the District's Department of Corrections failed to provide proper medical

treatment for his surgically repaired knee, including prescribed physical therapy. *See* DC

Complaint, attached as Exhibit A.[2]  Plaintiff, still proceeding *pro se*, subsequently filed an

Amended Complaint which set forth his claims in greater detail and confirmed he was pursuing a

federal claim against the District. *See* DC Amended Complaint, attached as Exhibit B, at 6

(stating that the District's "unjustifiable denial of medical services" is a "clear case of deliberate

indifference" and "a violation of the 8 Amendment of the Constitution of the United States").

The Amended Complaint is dated May 7, 2003, *see id.* at 2, and was apparently served on the

District at that time, but plaintiff's original attempt to file it was unsuccessful, for reasons that

---

[1] As required by Local Rule 7(m), counsel for plaintiff contacted counsel for defendants to inquire whether defendants would oppose this motion. Counsel for CCA and indicated his intent to oppose the motion. Counsel for the District did not respond.

[2] Relevant pleadings filed in the action against the District prior to its consolidation with the action against CCA are attached hereto as Exhibits A through G. All other Superior Court pleadings referred to in this motion are attached to the Joint Notice of Removal at Tab 1.

are not entirely clear.[3]  The Amended Complaint was ultimately filed in open court during an

October 24, 2003 status hearing.  *See* October 29, 2003 Order, Case No. 02-2574, attached as

Exhibit C, at n. 1.

On July 21, 2003 the District responded to plaintiff's Amended Complaint by

filing a motion for summary judgment.  *See* DC Mot. for Summary Judgment, attached as

Exhibit D.  Despite the Amended Complaint's direct statement of a deliberate indifference claim

under the Eighth Amendment, the District inexplicably treated the Amended Complaint as

stating only a negligence claim, and argued that the claim must be dismissed for failure to

provide expert testimony to establish the standard of care and causation.  *Id.* at 7.  On October

29, 2003, Judge Duncan-Peters denied the District's motion for summary judgment in a six-page

order which addressed the legal merits of plaintiff's case.  The Court concluded that plaintiff's

constitutional deliberate indifference claim did not require expert testimony, and stated that

"Plaintiff has set forth sufficient genuine issues of material facts to warrant a trial" on the

deliberate indifference claim.  *See* October 29, 2003 Order, Ex. C at 6.

**Plaintiff's Suit Against CCA**

In the meantime, plaintiff's action against CCA, Civil Action No. 02-2242

assigned to Judge Campbell, was proceeding on a parallel track.  In that action, plaintiff alleged

that the denial of proper and prescribed medical treatment for his surgically repaired knee,

including physical therapy, continued after his transfer from the DC Jail to the neighboring CTF

operated by CCA.  *See* CCA Complaint.  In response to CCA's Motion for a More Definite

Statement, plaintiff filed an Amended Complaint in the CCA action on May 7, 2003, which set

---

[3] It appears that the original Amended Complaint may have been mistakenly filed along with the
Amended Complaint filed in the CCA action in May 2003.

forth plaintiff's claims in more detail and likewise specified a deliberate indifference claim. *See* CCA Amended Complaint at 3 ("This is a clear case of deliberate indifference.").

CCA responded to the Amended Complaint by filing a motion to dismiss. *See* CCA Mot. to Dismiss. In its motion to dismiss, CCA read the Amended Complaint "as raising a claim of deliberate indifference under the Eighth Amendment of the U.S. Constitution," brought pursuant to 42 U.S.C. § 1983. *Id.* at 2. Noting that plaintiff asserted claims against "Corrections Corporation of America and its medical staff," but did not name any individuals, CCA "read[] the allegations as attempting to assert claims against Corrections Corporation of America, and no others." *Id.* CCA sought dismissal of plaintiff's claims on grounds that plaintiff had not alleged a constitutional deprivation and had not identified a policy or custom of CCA responsible for his injuries. On October 22, 2003, Judge Campbell denied CCA's Motion to Dismiss, finding that it was premature. *See* October 22, 2003 Order, Case No. 02-2242.

**The District's Motion to Consolidate**

After both parties' motions for summary resolution were denied, it appeared that the cases would proceed apace in Superior Court. On November 4, 2003, the District, facing Judge Duncan-Peters' ruling that the action was ready to proceed to a trial on the merits, moved for consolidation of his action with the slower moving action against CCA. *See* Mot. to Consolidate. The District's motion in the CCA action before Judge Campbell acknowledged that "[i]n both cases, Mr. Phillips alleges that his constitutional rights under the 8th Amendment were violated when, during his incarceration, he was not given physical therapy," *id.* at 1-2, and asserted that "[b]oth cases are now ripe for litigation of plaintiff's Section 1983 claims." *Id.* at 6. In the meantime, on November 6, 2003, Judge Duncan-Peters contacted undersigned counsel and requested assistance in the representation of plaintiff. On December 1, 2003, undersigned

counsel entered a notice of appearance in both actions and filed an opposition to the District's

belated Motion to Consolidate in the CCA Action.  *See* Opposition to Mot. to Consolidate.

**The District's First Removal Attempt**

On December 8, 2003, with the Motion to Consolidate still pending in the CCA

action before Judge Campbell, the District filed a Notice of Removal of the action against the

District still before Judge Duncan-Peters.  *See* Notice of Removal, attached as Exhibit E.  The

District's Notice of Removal was demonstrably frivolous.  The District represented in its Notice

of Removal that "[o]n November 7, 2003, the Superior Court approved the filing of an amended

complaint, wherein plaintiff first alleged violations of his constitutional rights."  *Id.* at 1.

However, the Amended Complaint, as discussed above, was ultimately filed on October 24,

2003, not November 7, 2003.  And, while the District chose to ignore plaintiff's constitutional

claim in its July 21, 2003 summary judgment motion, Judge Duncan-Peters' October 29, 2003

Order denying that motion in light of plaintiff's constitutional deliberate indifference claims

removed any doubt concerning the federal nature of the plaintiff's claims.   Finally, the District

itself asserted in its November 4, 2003 motion to consolidate before Judge Campbell that "[i]n

both cases, Mr. Phillips alleges that his constitutional rights under the 8th Amendment were

violated," Mot. to Consolidate at 1.  Yet, in its December 8, 2003 Notice of Removal, the District

remarkably claimed that the amended complaint in which plaintiff "first alleged violations of his

constitutional rights" was not approved for filing until November 7, 2003.  Notice of Removal,

Ex. E at 1.

After supervisory consultation with the Office of Corporation Counsel in response

to plaintiff's notice that he would seek fees for this frivolous removal, the District ultimately

consented to remand of the action.  Judge Lamberth granted the Consent Motion for Remand on

January 15, 2004.  *See* Consent Motion to Remand, attached as Exhibit F, Order Granting

Remand, attached as Exhibit G..

**The Consolidated Superior Court Action**

While the District's Motion to Consolidate was delayed by the District's removal

attempt, the CCA action continued in Superior Court.  CCA answered plaintiff's complaint on

January 13, 2004 and served its discovery requests and witness list on January 14, 2003.

Plaintiff served his discovery requests and witness list on January 26, 2004.  With the District's

motion for consolidation still pending, however, plaintiff, with CCA's consent, moved for a stay

of discovery, which was granted by Judge Campbell on February 5, 2004.

On February 11, 2004 Judge Campbell granted the District's motion and ordered

the cases consolidated.  At a February 27, 2004 scheduling conference, with consent of both the

District and CCA, the court permitted plaintiff, now with the assistance of counsel, to file a

consolidated amended complaint to crystallize the nature of the claims being pursued.  Judge

Campbell also entered a new discovery schedule, setting May 27, 2004 as the deadline for

discovery requests and exchange of witness lists.

On April 30, 2004, consistent with the court's direction at the February 27, 2004

hearing, plaintiff filed a Consent Motion to Amend and a proposed Second Amended Complaint,

which was accepted by Judge Campbell and filed on May 5, 2004.  The Second Amended

Complaint clarifies the claims alleged by plaintiff, the defendants against which those claims are

brought, and the factual allegations supporting those claims.  The Second Amended Complaint

continues the constitutional deliberate indifference claims named in the earlier Amended

Complaints and clarifies that plaintiff also asserts a negligence claim against the defendants.  It

adds two new individual defendants, Odie Washington, the director of the DC Department of

Corrections, and Fred Figueroa, the Warden of CTF, as well as DC John Doe defendants, unnamed members of the DC Jail's medical and administrative staff that plaintiff intends to identify after receiving discovery from the defendants.  The Second Amended Complaint also reflects the recent consolidation of the two underlying cases and incorporates information in medical records plaintiff obtained after the filing of the two earlier Amended Complaints.

On April 30, 2004, plaintiff also served a first set of discovery requests on the District and a second set of discovery requests on CCA, which replaced the earlier discovery requests which had been stayed by Judge Campbell's February 5, 2004 Order.  The District and CCA's responses were due within 30 days.

**The Current Removal**

On May 25, 2004, shortly before this discovery deadline, defendants CCA, Fred Figueroa, the District, and Odie Washington filed their Joint Notice of Removal, removing this action pursuant to 28 U.S.C. § 1441(b) on grounds that this action is founded on a claim arising under the Constitution, treaties, or laws of the United states.  Defendants vaguely assert that the removal was timely filed pursuant to 28 U.S.C. § 1446(b), because it was filed within thirty days after CCA, Fred Figueroa, and the District received or were served with the amended complaint.

The defendants assert in the Joint Notice of Removal that the Second Amended Complaint names CCA as a defendant "for the first time" and that it "dropped CCA Medical Staff as a named Defendant."  Joint Notice at 3.  Contrary to this assertion, however, plaintiff's pro se Amended Complaint named "CCA & MEDICAL STAFF" as the defendants on a title page and states four claims for the denial of medical care and physical therapy against "C.C.A and medical staff."  CCA Amended Complaint at 2-3.  This language, particularly in a pro se complaint, is properly read to name as defendants both CCA, the corporation, and as yet

unidentified individual members of CCA's medical staff. In this regard, the Second Amended Complaint simply clarifies the pro se Amended Complaint by naming as defendants both CCA, the corporation, and "Unnamed Individual Members of the Correctional Treatment Facility's Medical and Administrative Staff." See Second Amended Complaint.

Moreover, the assertion in the current removal notice that the Second Amended Complaint names CCA as a defendant "for the first time" contradicts CCA's position in the action before Judge Campbell. CCA, in its June 3, 2003 motion to dismiss, "read[] the allegations as attempting to assert claims against Corrections of Corporation of America, and no others," CCA Mot. to Dismiss at 2. At least as to CCA's status as a defendant, this reading is surely correct. Yet CCA in the Joint Notice of Removal now takes the opposite position.

The District and Director Washington are represented by the Office of the Corporation Counsel. CCA, the CCA Medical Staff, and Warden Figueroa are all represented by the Washington office of Sidley Austin Brown & Wood. Counsel for CCA has agreed to accept service on behalf of Warden Figueroa, while also purporting to accept service on behalf of the "newly named" CCA. Counsel for the District has refused to accept service on behalf of Director Washington. Plaintiff's efforts to effect service on Director Washington were interrupted by the removal of this action to federal court.

## ARGUMENT

The District and CCA waived their rights of removal by affirmatively invoking the jurisdiction of the Superior Court and seeking summary resolution of plaintiff's claims and by failing to file a notice of removal within 30 days as required by 28 U.S.C. § 1446(b). Accordingly, they cannot properly join in the recently filed Notice of Remand, and this action should be remanded to Superior Court for further proceedings.

## I. REMOVAL STATUTES ARE STRICTLY CONSTRUED AND, WHERE MULTIPLE DEFENDANTS ARE INVOLVED, UNANIMITY IS REQUIRED

Federal courts are courts of limited jurisdiction and courts must strictly construe removal statutes because "the law presumes that 'a cause lies outside of [the court's] limited jurisdiction.'" *Julien v. CCA of Tenn., Inc.*, 268 F. Supp. 2d 19, 21 (D.D.C. 2003) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). The defendant seeking removal bears the burden of proving federal jurisdiction. *Id.* A defendant desiring to remove an action to federal court must file a notice of removal within thirty days of receipt of the initial pleading, or thirty days after the action first becomes removable. 28 U.S.C. § 1446(b). Where there are multiple defendants, the Rule of Unanimity or "the Three Musketeers Rule," states that all defendants "must unambiguously and independently show that in seeking to remove a case from state court to federal court they are 'all for one, one for all.'"[4] *Williams v. Howard Univ.*, 984 F. Supp. 27, 28 (D.D.C. 1997). Accordingly, all defendants must express consent in a timely matter in order for removal to be proper. *Id.* at 29.

## II. THE DISTRICT AND CCA FAILED TO FILE A NOTICE OF REMOVAL IN TIMELY FASHION AND CANNOT NOW JOIN IN THE REMOVAL BY LATER NAMED DEFENDANTS

### A. The District and CCA Failed to File a Timely Notice of Removal Pursuant to 28 U.S.C. § 1446(b).

The defendants have removed this action pursuant to 28 U.S.C. § 1441(b), which allows defendants to remove actions involving federal claims to federal court. *See* Joint Notice of Removal ¶ 1, 14. Defendants seeking to remove a case must file their removal notice within

---

[4] There are three noted exceptions to the Rule of Unanimity: (1) a defendant yet to be served does not have to consent to removal; (2) when a non-consenting defendant is merely nominal; and (3) when the removed claim is a separate and independent claim under 28 U.S.C. § 1441(c). *See Williams*, 984 F. Supp. at 30 n.5.

the thirty day period established by 28 U.S.C. § 1446(b). Yet, both the District and CCA received notice that this action was removable in light of plaintiff's constitutional claims months before the instant Joint Notice of Removal was filed on May 25, 2004 and did not file a timely removal notice. Thus, the instant removal notice is untimely unless the removal rights of the District and CCA were somehow revived.

Where, as here, a case is not removable based on the initial pleading, a defendant must file its notice of removal "within thirty days of receipt . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that this case is one which is or has become removable." 28 U.S.C. § 1446(b). CCA received notice that plaintiff's action included a constitutional claim, and thus was removable pursuant to 28 U.S.C. § 1441(b) no later than May 7, 2003, when it received plaintiff's Amended Complaint stating unequivocally "This is a clear case of deliberate indifference." CCA Amended Complaint at 3. There is little doubt that this pleading placed CCA on notice of the federal nature of plaintiff's claim -- CCA's subsequently filed motion to dismiss asserted that CCA read plaintiff's allegations, correctly, as "raising a claim of deliberate indifference under the Eighth Amendment of the U.S. Constitution." CCA Mot. to Dismiss at 3. Accordingly, the thirty day period during which CCA could timely file a notice of removal pursuant to 28 U.S.C. § 1446(b) expired almost a year before the instant Notice of Removal was filed on May 25, 2004.

The District likewise received notice of the removability of the action against it through the Amended Complaint plaintiff filed in that action. Indeed, the Amended Complaint in that action is even clearer in its statement of a federal claim, as it specifically refers to the Eighth Amendment as a basis for its claims. *See* DC Amended Complaint, Ex. B at 6 (stating that the District's "unjustifiable denial of medical services" is a "clear case of deliberate

indifference" and "a violation of the 8 Amendment of the Constitution of the United States").

Even assuming the District's thirty day removal period was not triggered until the actual filing of

the Amended Complaint rendered the action removable on October 24, 2003, the District's

removal period had long since run before it joined in the instant Notice of Removal filed on May

25, 2004.  Indeed, the District consented to remand of its first removal because its counsel was

persuaded as to its untimeliness (and desired to avoid an award of fees under 28 U.S.C. §

1447(c)).  *See* Consent Motion to Remand, Ex. F.

> **B.**    **Having Failed to File Timely Notices of Removal, the District and CCA Cannot Now Join the Newly Named Defendants in a Removal Action**

Because the District and CCA failed to file a timely removal notice, and because

the Rule of Unanimity requires all defendants to join in a removal notice, the only apparent

argument defendants can raise in favor of the timeliness of the instant removal is that the

addition of new defendants Director Washington and Warden Figueroa in plaintiff's Second

Amended Complaint somehow revived the District's and CCA's expired rights of removal.

Thus, this action presents the question whether the removal statute, 28 U.S.C. § 1446(b), allows

a defendant that failed to file a timely removal to join in a notice of removal filed by a later-

added defendant despite the fact that the first-served defendant's removal period has already run.

This question is not answered by the text of the removal statute, which speaks

only in terms of one "defendant" in setting forth the 30-day time limit.  28 U.S.C § 1446(b).  Nor

has the issue been definitively addressed in the District of Columbia circuit.  However, the

better-reasoned, majority approach, generally known as the "first-served rule," states that if the

first-served defendant fails to remove in a timely matter, it may no longer consent to removal and

subsequently served or added defendants therefore may not remove.  *See Getty Oil Corp. v. Ins.

Co. of N. Am.*, 841 F.2d 1254 (5th Cir. 1988); *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir.

1986); *McAnally Enter., Inc. v. McAnally*, 107 F. Supp. 2d 1223, 1227 n.7 (C.D. Cal. 2000) (adopting the Fifth Circuit rule as the majority rule and citing cases); Moore's Federal Practice § 107-30[3][a] (same).  At least one court in the District of Columbia has adopted the first-served rule, albeit in an unpublished opinion.  *See Young v. Contract Transp. Sys. Co.*, 1987 WL 8525 (D.D.C. 1987) (holding that "if the first-served defendant fails to file a removal petition within 30 days, later-served defendants cannot remove within 30 days of their service") (unpublished) (Judge Oberdorfer).

Some courts, led by the Fourth Circuit, have adopted a variation of the first-served rule, holding that later served defendants should have thirty days from the time they are served to join in an "otherwise valid removal petition."  *McKinney v. Bd. of Trs. of Maryland Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir. 1992).  This approach provides later-served defendants with a full thirty days to decide whether to join an already filed, valid removal petition.  Where, however, the first-served defendants failed to file a timely petition, as is the case here, there is no "valid petition" for the later-served defendants to join, and thus the effect of this approach is the same as the first-served rule -- the action cannot be removed.  *See id.* at 926 n. 3 ("if A [the first-served defendant] does *not* petition for removal within 30 days, the case may not be removed" and "the law is settled" as to this question); *Smith v. Health Ctr. of Lake City, Inc.*, 252 F. Supp. 2d 1336 (M.D. Fla. 2003) (concluding that, regardless of whether the first-served rule or the Fourth Circuit approach applied, remand is required because the first-served defendant "did not file a notice of removal within thirty days of service").

A minority of Courts have adopted the last-served rule, whereby each defendant is permitted thirty days from the day that defendant was served to remove the action irrespective of whether earlier served defendants failed to remove, so long as they all ultimately consent to the

last removal. *See Marano Enter. v. Z-Teca Rests., L.P.*, 254 F.3d 753, 755 (8th Cir. 2001);

*Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir. 1999).

Under the last-served rule, the removal question theoretically remains open until the last defendant has been identified, joined, and served. In cases where, as here, the plaintiff must rely on discovery from already-served defendants to identify all potential defendants, application of the last-served rule would significantly frustrate the purposes of the thirty day removal limit. Indeed, the last-served rule in this context is an apparent contradiction to well-settled principles of removal law, including the proposition that removal statutes must be strictly construed against removal, *see Julien v. CCA of Tenn., Inc.*, 268 F. Supp. 2d 19, 21 (D.D.C. 2003), and the removal statute's clear purpose of establishing an early, well-defined point beyond which removal is no longer available. *See* 28 U.S.C. § 1446(b). By contrast, both the first-served rule and the Fourth Circuit's variation of it better serve general removal principles. Courts adopting the first-served rule have reasoned that it "follows logically from the unanimity rule," "that forum selection should be resolved as early as possible," and "that removal statutes must be construed narrowly." *McAnally,* 207 F. Supp. 2d at 1227.

In sum, the better-reasoned approach holds that defendants who fail to file a notice of removal within the 30 day period established by 28 U.S.C. § 1446(b) cannot join in a notice of removal filed by later-added defendants. *See Brown*, 792 F.2d at 481; *McKinney*, 955 F.2d at 928. Accordingly this action should be remanded to the Superior Court for further proceedings.

**C.     The District and CCA Have Definitively Waived Their Right to Removal By Affirmatively Litigating in the Superior Court.**

Whatever the relative merits of the first-served and the last-served rules may be, it is not apparent that this legal question is even relevant here.  Even were the Court to conclude that the last-served rule is a preferable approach as a general matter, its applicability is questionable where, as here, the first-served defendants have engaged in substantial litigation in the original forum.

The principal cases adopting the last-served rule involved scenarios in which the defendants were all named in an original complaint, yet served at different times by the plaintiff, and in which no substantive proceedings occurred in the state court prior to removal.  *See Marano*, 254 F.3d at 755 (all defendants named in original complaint); *Brierly*, 184 F.3d at 530 (same).  In *Marano,* only two days elapsed between service on the first-served defendants and service on the last-served defendants.  *See Marano* at 755.  Although 17 months elapsed between service on the first-served defendant and the last-served defendant in *Brierly*, no substantive litigation occurred in the state court during that time -- instead, the first-served defendant twice attempted to remove the action, which in turn caused the delay in service on the other defendant.  *Breirly* at 530.  By contrast, the instant action involves later-added defendants, not simply belatedly-served defendants, and significant Superior Court ligation by the first-served defendants, including motions for summary resolution of plaintiff's claims.  In these circumstances, it is not clear that even the Sixth and Eighth Circuits would apply the last-served rule.

The mandate that removal statutes must be narrowly construed stems in part from the longstanding belief that a defendant may not "experiment on his case in the state court, and, upon an adverse decision, then transfer it to the Federal court."  *Rosenthal v. Coates*, 148 U.S.

142, 147 (1893); *see also Estate of Shelley Krasnow v. Texaco, Inc.*, 773 F. Supp. 806, 809 (E.D.

Va. 1991) ("a defendant must not be allowed to test the waters in state court and, finding the

temperature not to its liking, beat a swift retreat to federal court. Such behavior falls within the

very definition of forum-shopping and is antithetical to federal-state court comity.").

Accordingly, when a defendant seeks affirmative relief in state court after its right to remove

exists, such actions can waive the defendant's right to removal. *See, e.g., Engle v. R.J. Reynolds

Tobacco*, 122 F. Supp. 2d 1355 (S.D. Fla. 2000); *Baldwin v. Perdue, Inc.*, 451 F. Supp. 373

(E.D. Va. 1978); Moore's Federal Practice § 107.18(3)(a) (collecting cases).[6]

 The general rule regarding waiver of the right to remove has developed as

follows:

> A defendant waives its right to remove to federal court, after it is
> apparent that the case is removable, by taking "clear and
> unequivocal" actions in state court that manifest its intent to have
> the matter adjudicated there.

*Engle*, 122 F. Supp. at 1360; *see also George v. Al-Saud*, 478 F. Supp. 773, 774 (N.D. Cal. 1979)

(same); Moore's Federal Practice § 107.18(3)(a) (same).

 More specifically, courts have found that, where a defendant files a motion to

dismiss or a motion for summary judgment, those actions are clear and unequivocal and manifest

an intent to have the matter adjudicated in the state forum, provided the action is removable at

the time the motions are filed. *See, e.g. Johnson v. Heublein, Inc.*, 227 F.3d 236, 244 (5th Cir.

2000) (holding that co-defendants waived their right to remove by "filing both motions to

dismiss and a motion for summary judgment in the state court proceeding . . . thus invoking the

---

[6] Conversely, a plaintiff might waive the right to remand by proceeding with the merits of the
case in the federal forum, for example by supplementing a complaint, litigating a summary
judgment motion, or engaging in trial. *See LaPoint v. Mid-Atlantic Settlement Servs., Inc.*, 256
F. Supp. 21 1 (D.D.C. 2003).

jurisdiction of the state court in resolving the issues presented by the original complaint"); *Scholz v. RDV Sports, Inc.*, 821 F. Supp. 1469, 1471 (M.D. Fla. 1993). Waiver is especially appropriate where the defendant has not only invited the state court to address the action on its merits but has waited until the court has ruled on them before filing its notice of removal. *See, e.g., Krasnow*, 773 F. Supp. at 808-09; *Bolivar Sand Co. v. Allied Equip., Inc.*, 631 F. Supp. 171 (W.D. Tenn. 1986) (holding that "if a potentially dispositive motion, such as a motion to dismiss, is made and argued by defendant, the state court's adverse decision cannot be 'appealed' to this Court by way of removal").

After the Amended Complaints filed in the previously separate actions against the District and CCA rendered those cases removable, both the District and CCA not only clearly manifested their intent to litigate the actions in Superior Court rather than removing them to federal court, they in fact did actively litigate those actions on their merits in Superior Court and thereby waived their rights to remove.

The District responded to plaintiff's Amended Complaint on July 21, 2003 by filing its motion for summary judgment, thereby affirmatively invoking the jurisdiction of the Superior Court and seeking to have plaintiff's claims resolved and dismissed on their merits. The Amended Complaint explicitly referred to the denial of proper medical care as a "clear case of deliberate indifference" and "a violation of the 8 Amendment of the Constitution of the United States." DC Amended Complaint, Ex. B at 6. Even though it was therefore "apparent" that the case was removable, the District nonetheless chose to proceed in Superior Court with its motion for summary judgment. In these circumstances, the filing of the summary judgment is itself sufficient to waive the District's right to remove. *See, e.g., Scholz*, 821 F. Supp. at 1471.

Moreover, the District refrained from removing the action and allowed the motion to proceed, until, on October 29, 2004, Judge Duncan-Peters ruled against the District on the merits of its motion. *See* October 29, 2003 Order, Ex C. Having thus "tested the waters," the District should not be permitted to retreat to a federal forum. *See Rosenthal*, 148 U.S. at 147; *Estate of Shelley Krasnow*, 773 F. Supp. at 809. The District's subsequently filed motion to consolidate further confirms its intent to litigate this action in Superior Court. In short, by the time the District filed its first, ill-fated Notice of Removal on December 8, 2003, and long before the instant Joint Notice of Removal was filed on May 25, 2004, the District had clearly and unequivocally waived its right to remove by affirmatively litigating this action in Superior Court.

CCA, for its part, responded to plaintiff's Amended Complaint by filing a motion to dismiss. CCA knew the Amended Complaint stated a federal claim and thus rendered the action removable; indeed CCA correctly read the Amended Complaint "as raising a claim of deliberate indifference under the Eighth Amendment of the U.S. Constitution." CCA Mot. to Dismiss at 2. Rather than removing the action, CCA sought to have the Superior Court resolve plaintiff's claims on the motion to dismiss, arguing that plaintiff had not alleged a constitutional deprivation and had not identified a custom or policy of CCA responsible for his injuries. CCA's motion also proceeded to an ultimately unfavorable ruling which denied the motion to dismiss as premature. *See* October 22, 2003 Order, Case No. 02-2242.

The filing of a motion to dismiss, especially one which culminates in a ruling against the defendant, is itself sufficient to justify a finding that the defendant waived its rights to remove by affirmatively litigating the action in the state forum. *See Krasnow*, 773 F. Supp. at 808-09. Thereafter, CCA further confirmed its intent to proceed in Superior Court by, among other things, serving discovery requests on plaintiff in the Superior Court action. CCA, like the

District, affirmatively waived its right to remove this action long before the instant Joint Notice of Removal was filed.

The District and CCA's waiver of their right to remove renders them unable to join in the instant Joint Notice of Removal.  Under the well-established Rule of Unanimity, "each defendant's consent to removal must be unambiguous and independent." *Williams*, 984 F. Supp. at 29.  In other words, "[i]f any defendant refuses, or is legally unable to consent to removal, the action cannot be removed." *Westwood v. Fronk*, 177 F. Supp. 2d 536, 542 (N.D.W.Va. 2001); *see also id.* at 542 (holding that whether analyzed as a "constructive waiver" or a "violation of the rule of unanimity," defendant's waiver of his right to remove by filing a permissive cross-claim "bars the other defendants . . . from removing the case to federal court"); *Krasnow*, 773 F. Supp. at 809 (recognizing the rule that "once one defendant waives removal, a second cannot remove").

### D.    Remand of this Action is Fair and Appropriate in Light of the Procedural History of this Action.

Even where remand of a case is technically appropriate, in some cases "exceptional circumstances," such as "bad faith effort[s]" by the plaintiff to prevent removal through procedural gamesmanship, might nonetheless permit removal. *Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986).  Closer consideration of the circumstances of this action reveals no such "exceptional circumstances."

While it is true that the application of the Rule of Unanimity in this instance effectively eliminates the newly joined individual defendants' right of removal, it does not follow that the Rule of Unanimity is unfair or inappropriate here.  As the Fifth Circuit has noted, "[a] defendant who is added to a case in which a co-defendant has failed to seek removal is in no worse position that it would have been if the co-defendant had opposed removal or were

19

domiciled in the same state as the plaintiff." *Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986) (holding that defendant added four years after action commenced could not remove the action). Thus, the application of the Rule of Unanimity is no more burdensome here than it is in typical circumstances. Indeed, the facts of this case argue persuasively in favor of its specific application here.

First, it is untenable to believe that plaintiff Alonzo Phillips, acting *pro se* while incarcerated, was in any way engaged in procedural chicanery in an effort to thwart removal.[7] Plaintiff engaged in no tactical maneuvering or procedural gamesmanship, and the District and CCA -- sophisticated repeat players in this type of litigation -- are unlikely targets for such efforts. Moreover, this was not a case where all defendants were named simultaneously and then served weeks apart at the plaintiff's whim. Instead, defendants were only added after plaintiff was provided with counsel. In general, the fact that defendants were later joined in the action through an amended complaint rather than simply belatedly served suggests that "there is less danger that a plaintiff was manipulating the time of service to preclude removal." *McAnally Enter., Inc. v. McAnally*, 107 F. Supp. 2d 1223, 1227 n.7 (C.D. Cal. 2000).

Second, plaintiff's Second Amended Complaint does not add any new defendants who are not closely related to the original defendants. In fact, Director Washington and Warden Figueroa are not only intimately connected to the District and CCA, they are represented,

---

[7] By contrast, the current removal notice is now the District's second tardy effort to avoid the Superior Court and otherwise delay this action. The District's first removal, filed on December 8, 2003 while its motion to consolidate was pending in the CCA action, considerably complicated the progress of the action against the District, which Judge Duncan-Peters' October 29, 2003 Order had declared was ready to proceed to trial on the merits. Likewise, the District joined in the instant notice of removal on May 25, 2004 without any justification for why this removal was any more timely or appropriate than its previous removal. This latest removal notice allowed the District to avoid producing discovery responses and requests which would otherwise have been due.

respectively, by the same counsel as the District and CCA.  A Pennsylvania district court, facing

similar circumstances, aptly concluded that, where the closely related defendants were

represented by the same counsel, "[i]t would serve no legitimate purpose to allow the joinder of

another, related defendant to work an exception to the thirty-day removal rule and permit the

removal of a case that has already resulted in significant proceedings and legal rulings in another

court." *Yellow Cab Co. of Pittsburgh v. Gasper*, 994 F. Supp. 344, 345 (W.D. Pa. 1998).[8]  Here,

as in *Yellow Cab*, the addition of new defendants does not alter the fact that the same parties

remain responsible for "mak[ing] the strategic and tactical decisions involving litigation

strategy," *id.* at 348, namely the District, CCA, and their counsel.  The District and CCA chose

to litigate in Superior Court and should not be permitted to seize upon the addition of Director

Washington and Warden Figueroa as defendants to renew their removal rights in an effort to

forum-shop or delay the action.[9]

　　　　　Finally, the logic of the Rule of Unanimity is more compelling in cases such as

this one which involve affirmative waiver by the first named defendants and substantial

proceedings in the non-federal forum, as opposed a removal scenario in which the first-served

---

[8] In *Yellow Cab*, the two newly named defendants were added more than thirty days after the first
defendant was served.  They then filed a notice of removal.  *Id.* at 345.  All of the defendants,
however, were "closely held corporations owned by and controlled by one man" and represented
by the same counsel, who were responsible for all strategic decisions.  *Id.* at 348.  The court also
put great weight in the fact that the state court had already conducted proceedings of substance,
and the defendant's actions could lead to "legal gamesmanship or forum-shopping by waiting to
see how they were faring in state court before deciding whether to remove." *Id.* at 349.

[9] Critics of the Rule of Unanimity typically argue that the rule "deprives [later served]
defendants . . . of the opportunity to persuade the first defendant to join in the removal petition."
*Brown*, 792 F.2d at 482.  Where, as here, the newly added parties are closely aligned with and
represented by the same counsel as the previously served parties, this "opportunity to persuade"
is essentially fictional.  Allowing counsel for the District and CCA, in their roles as counsel for
Director Washington and Warden Figueroa, to "persuade" themselves to switch course and join
in the newly added defendants removal motion simply provides the defendants with an
opportunity to game the removal rules to their strategic advantage.

defendants are guilty only of inaction in failing to file a timely notice of removal. The affirmative steps taken by the District and CCA to resolve the claims against them in Superior Court constitute a clearer and more binding "vote" in favor of the local forum and against the federal form than mere inaction. Moreover, the efficiency purposes of Rule are more clearly implicated when substantial proceedings have already occurred in the local forum at the defendants' initiative.

The facts of this case could hardly speak more strongly against removal. The District and CCA not only failed to exercise their right of removal, they took affirmative steps to litigate this action in Superior Court, including filing a motion to dismiss and a motion for summary judgment. To allow the District and CCA to remove this case now, after months of affirmative litigation in Superior Court, would waste judicial resources and create great inequities by giving the District "a second opportunity to forum-shop and further delay the progress of the suit." *Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986). In short, the defendants, having "experimented with the state courts and been beaten" in their motion to dismiss and motion for summary judgment, cannot now flee to federal court under 28 U.S.C. 1446(b). *See Rosenthal v. Coates*, 148 U.S. 142, 148 (1893).

Accordingly, this action should be remanded to the Superior Court for further proceedings.

Respectfully submitted,

Michael X. Imbroscio  (#445474)
David A. Barker (#486283)
COVINGTON & BURLING
1201 Pennsylvania Ave., NW
Washington, DC 20004
(202) 662-6000

Attorneys for plaintiff Alonzo Phillips

June 24, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Plaintiff's Motion to Remand was mailed, postage prepaid, this 24th day of June, 2004, to:

Alexander J. Willscher, Esq.
Frank R. Volpe, Esq.
Sidley Austin Brown & Wood, LLP
1501 K Street, NW
Washington, DC  20005

Steven J. Anderson, Esq.
Assistant Corporation Counsel
Office of Corporation Counsel
441 4th Street NW, 6th Floor South
Washington, DC  20001

Michael X. Imbroscio  (#445474)
David A. Barker (#486283)
COVINGTON & BURLING
1201 Pennsylvania Ave., NW
Washington, DC 20004
(202) 662-6000